**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

Arthur Carr                                                          Civil Action No.

                Plaintiff

v.

Equifax Information Services, LLC;                    **JURY TRIAL DEMANDED**

And

Nuvell Credit Company, LLC and

Ally Financial

                Defendants

## CIVIL ACTION

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff is a citizen of the Eastern District of Texas, and their damages occurred here.

## PARTIES

4.      Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

1

5.     Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over 250,000 consumers in Texas.

6.     Defendant, Nuvell Credit Company, LLC, is a former subsidiary of Ally Financial and based on information and belief, has now been fully integrated into Ally Financial. Based on information and belief Ally Financial (hereinafter, Ally) is legally responsible for all claims against Nuvell Credit Company, LLC. Ally is a Foreign for-profit company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Nuvell Credit is a financial institution actively conducting business in Texas.

## FACTUAL ALLEGATIONS

7.     Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8.     Plaintiff hereby makes all claims and factual allegations against Ally and Nuvell as if they are the same Defendant. Therefore all claims made against Nuvell should also be consider

9.     Defendants are reporting Plaintiff's Nuvell Credit Company, LLC (Nuvell Credit) account # 1454* on Plaintiff's Equifax credit report.

10.    Plaintiff's debt with Nuvell Credit arose from an auto loan. Nuvell Credit closed the account on 07/2012, after the account was closed with a zero balance. Plaintiff's payment obligations to Nuvell Credit ceased.

11.    The trade line was updated to reflect a $0 balance when the account was closed on 07/2012.

12.    According to Plaintiff's Equifax credit report dated 02/13/2019, Plaintiff's Nuvell Credit account was closed with a $0 balance on or about 07/2012. Despite the Nuvell Credit account being closed with a $0 balance on or around 07/2012, Nuvell Credit continued to report an erroneous pay status of "30-59 Days Past Due" for the above listed account on Plaintiff's Equifax report dated 02/13/2019. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 30-59 Days Past Due as of 02/13/2019. Not only is the Nuvell Credit account false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

13.    The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The account is inaccurately reporting that Plaintiff is currently "30-59 Days Past Due" on an account that has a $0 balance. Plaintiff's financial obligations that were once due to Nuvell Credit have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "30-59 Days Past Due", the correct reporting would

3

have reported the pay status as "closed".  Reporting the account as currently 30-59 Days Past Due appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 30-59 Days Past Due is reporting as if Plaintiff is currently late on payments to Nuvell Credit even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, then the consumer cannot be late paying the balance, and the pay status must report as "closed". By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on Plaintiff's credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

14.     The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Nuvell Credit account as reported by Equifax and Nuvell Credit to be a current past due obligation, thus negatively affecting Plaintiff's credit worthiness.

15.     Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

16.     Plaintiff disputed the inaccurate late pay status on their Nuvell Credit account through a dispute letter sent to Equifax.

17.     Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

18.    Equifax did not provide a good faith investigation into the disputed pay status of the Nuvell Credit account. Equifax did nothing more than parrot inaccurate data from Nuvell Credit in their investigation.

19.    Nuvell Credit did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Nuvell Credit account.

20.    Based upon information and belief, Equifax received Plaintiff's dispute and transmitted the dispute to Nuvell Credit, triggering the investigations duties for the defendants; however, the defendants failed. Had they conducted a proper investigation, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong. Instead, Equifax verified the erroneous trade line displaying the late pay status.

21.    Nuvell Credit continues to report, and Equifax continues to allow Nuvell Credit to report, a pay status indicating that the debt is currently late.

## COUNT I
## EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

22.    Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

23.    Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

24.    Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

25.    Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed Nuvell Credit to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

26.    Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

27.    Plaintiff's Nuvell Credit account was closed with a $0 balance, but Equifax continues to report the account with a late/past due status. If Equifax had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that this account was paid; however, they continue to report a current status as past due.

28.    As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

29.    Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT II
## EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

30.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

31.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

32.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

33.     Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Equifax reinvestigate the inaccurate reporting of the current pay status on their Nuvell Credit account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: 30-59 Days Past Due".

34.     Equifax did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Nuvell Credit was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Equifax needed to determine this was in its own records and files. Equifax failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of

the Nuvell Credit account. Equifax simply parroted data from Nuvell Credit. Equifax did nothing

more than regurgitate data from Nuvell Credit.

35.     The fact that Equifax is currently reporting inaccurate information on Plaintiff's

credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable

and have been viewed by third parties, is proof that Equifax did not conduct a reasonable

investigation. If Equifax would have thoroughly investigated the issues, they would have

determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is

currently late and past due. If Equifax had conducted a reasonable and good faith investigation

they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

36.     As a direct and proximate cause of Equifax's failure to perform its duties under the

FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation,

and embarrassment.

37.     Equifax's conduct, action, and inaction was willful, rendering it liable for actual and

statutory damages, and punitive damages in an amount to be determined by the jury pursuant to

15 U.S.C. § 1681n.  In addition to willful, Plaintiff also alleges that Equifax was negligent,

which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT III
## NUVELL CREDIT'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

38.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs

above and incorporates them as if specifically set forth at length herein.

39.     At all times pertinent hereto, Nuvell Credit was a "person" as that term is used and

defined under 15 U.S.C. § 1681a.

40.     Nuvell Credit willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate.

41.     Nuvell Credit willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Nuvell Credit conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

42.     Nuvell Credit did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Equifax. Nuvell Credit's investigation was unreasonable and lacking because it failed to lead Nuvell Credit to correct the inaccurate pay status that they were reporting to Equifax regarding Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to Equifax with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Nuvell Credit account is being reported as a current past due obligation monthly, which is inaccurate.

43.     Nuvell Credit willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

44.     As a direct and proximate cause of Nuvell Credit's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

45.     Nuvell Credit's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Nuvell Credit was

negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

46.     Plaintiff has suffered actual harm due to Equifax still reporting the negative tradeline provided by Nuvell Credit on Plaintiff's Equifax report even though Equifax was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

47.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

48.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a.  Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Dated: February 12, 2021

Respectfully Submitted,

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice to Pend*)
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com


/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777